GRIFFIN, Judge.
Appellant, Linda J. Barnby, appeals an order of the lower court limiting her to a total fee of $2,000 for her services as intermediary and attorney in the adoption proceeding below. See § 63.097, .212(4), Fla.Stat. (Supp.1992).[1] We reverse.
As provided by section 63.097, Florida Statutes (1992), any fee over $1,000 that is paid to an intermediary requires court approval and a “showing of justification” for the larger fee. Barnby applied to the court for approval of a fee in the amount of $8,820. The fee application was supported by detailed time records and by the affidavit and the live testimony of another attorney who performs intermediary adoptions.
At the fee hearing, the court expressed no concern about the overall amount of time and *1246 effort expended, which included a successful interlocutory appeal to this court. Rather, the court expressed the view that counsel should be required to submit a fee application that distinguished between her services as an attorney and those of an intermediary because the activities of an intermediary should not be billed at the same rate as an attorney’s services. Thus, even though the hourly rate charged was consistent with Barnby’s fee agreement with her clients and her clients agreed at the hearing that the fee she had charged them was reasonable, the lower court instructed counsel to “determine reasonable hourly rates for an intermediary based upon the responsibility and work efforts expended by intermediaries as well as reasonable hourly rates for attorneys in non-adversarial proceedings.” In response, counsel filed a memorandum setting forth intermediary fees charged by adoption agencies, showing that her charges were the same or less. She also reiterated testimony of her fees expert that the distinction between services rendered as an intermediary and those rendered as an attorney were largely impossible to distinguish.
We agree with Barnby that the lower court abused its discretion in refusing to award a fee in excess of $2,000[2] based on Barnby’s failure to categorize her services as either attorney services or intermediary services. Nor can we agree with the lower court that they necessarily should be compensated at a different rate. In that regard, we note that, under the legislative scheme, such services may be performed only by attorneys or by physicians.[3] Depending on the nature of the services performed, the rate of compensation could well be comparable. On the other hand, a court is not obliged to award every penny of a fee charged by an intermediary simply because he or she is an attorney. A court may always, in the sound exercise of judicial discretion, determine that the intermediary’s charge for a given task requires adjustment because either the rate charged for the task performed or the amount of time expended was excessive. The latter does not appear to be a problem in this case and the court makes no suggestion it was of concern. The court’s only expressed concern was the $150 hourly rate for “intermediary” work.
Although the statute is poorly written, it does appear clear that the purpose of the legislation is to provide court supervision to protect adoptive parents in such highly emotional circumstances so they are not victimized by abuses. At the same time, by requiring intermediaries to be either physicians or attorneys, the legislature appears to have contemplated that this work will be carried out by highly trained professionals who are entitled to a reasonable compensation for their time and expertise.
We also observe that, even without specifically designating which services qualified as “legal services,” Barnby’s time records document services that are plainly “legal” in nature, in an amount several times greater than the amount awarded by the lower court.[4]
Given that the sole basis for the lower court’s conclusion that the fees were not “justified” is invalid, we remand with instructions that appellant be awarded her intermediary fee.
REVERSED and REMANDED.
PETERSON and DIAMANTIS, JJ., concur.

.
FEES.—
(1) APPROVAL OF FEES TO INTERMEDIARIES. — Any fee over $1,000 and those costs as set out in s. 63.212(l)(d) over $2,500, paid to an intermediary other than actual, documented medical costs, court costs, and hospital costs must be approved by the court prior to assessment of the fee by the intermediary and upon a showing of justification for the larger fee.
Prohibited acts; penalties for violation.—
(4) It is unlawful for any intermediary to charge any fee over $1,000 and those costs as set out in paragraph (l)(d) over $2,500, other than for actual documented medical costs, court costs, and hospital costs unless such fee is approved by the court prior to the assessment of the fee by the intermediary and upon a showing of justification of the larger fee.

. It appears that the lower court, in awarding $1,000 each for attorney services and intermediary services, must have been relying on the 1991 version of the statute, which referred to intermediary or attorney’s fees over $1,000. The 1992 amendment to the statute does away with that distinction.

. §§ 63.032(8)-.212(1)(c), Fla.Stat. (1993).

. The lower court also mentioned in its order that payment for legal assistant services was not authorized by section 57.104, Florida Statutes; however, we are unable to determine the items to which the lower court referred or the basis for the court’s decision in this regard.